**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Bollfrass, et al., | No. CV-19-04014-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiffs move for reconsideration of this Court's Order on the Defendants' Motion to Dismiss the Second Amended Complaint. (Docs. 90, 93.) The standard for motions for reconsideration is set forth in LRCiv 7.2(g)(1). That is, "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Motion for Reconsideration advances two arguments. First, Plaintiffs contend that the Second Amended Complaint adequately states a § 1983 claim against Donna Magaard, a private citizen. A federal civil rights claim may advance against a private citizen if there is joint action or a symbiotic relationship with a state actor, or the private citizen has executed a public function. *Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1210 (9th Cir. 2002). An alleged conspiracy between a private citizen and a state actor should include facts reflecting an agreement or a "meeting of the minds" to violate the plaintiff's constitutional rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440

(9th Cir. 2010). The Order dismissing Plaintiffs' § 1983 claim against Ms. Magaard explains the Court's reasoning for her dismissal. (Doc. 90 at 8-9.) The arguments advanced by Plaintiffs do not change the Court's conclusion that the Second Amended Complaint fails to allege facts showing that Mr. Magaard conspired with the government defendants with the objective of infringing on their constitutional rights. *See Vinatieri v. Mosley*, 532 Fed. Appx. 762, 762 (9th Cir. 2013) ("The pleadings do not support a claim for a § 1983 conspiracy because they do not establish that Mosley conspired with the Vallergas to engage in the August 30 beating or that any connection between the Defendants stemmed from an agreement to deprive Plaintiff of his constitutional rights.").

Second, Plaintiffs argue that the Supreme Court's recent decision in *Bostock v. Clayton County*, --- U.S. ---, 140 S. Ct. 1731 (2020), compels that this Court reconsider its decision on their equal protection and Phoenix City Code claims. *Bostock* does no such thing. That case involved a matter of statutory interpretation. Plaintiffs have not advanced a claim under Title VII of the Civil Rights Act of 1964, which was the focus of the Supreme Court's attention. In this case, as is explained in the Order, Plaintiffs have failed to allege facts to show that they were discriminated against because of their sexual orientation. (Doc. 90 at 18-19.)

Plaintiffs' motion does not satisfy the standard for reconsideration under LRCiv 7.2(g)(1). Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 93) is denied.

Dated this 27th day of July, 2020.

Michael T. Liburdi
United States District Judge

- 2 -