**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Bollfrass, et al., | No. CV-19-04014-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | **NOT FOR PUBLICATION** |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court is the Defendant City of Phoenix Housing Department's (the "City") Motion to Dismiss Counts IV, VII, and Jane Doe Emmerson in Plaintiffs' Third Amended Complaint. (Doc. 140). The Court has reviewed the submitted briefs. Oral argument is not necessary to aid the Court's decisional process. The Motion will be granted as follows:

1.  The City's request for judicial notice of the Emmerson's Memorandum of Prenuptial Agreement and Notice to Creditors is granted under Rule 201, Fed. R. Evid. The Agreement states that "[t]he parties also agreed that the union will have no community property, each party will contract, acquire, and sell any asset as sole and separate property, and the parties prospectively abrogated their respective rights to community property . . . ." Maricopa County Recorder's Office Document No. 2006-1228116 at 1. Plaintiffs name Ms. Emmerson solely for community property purposes. (Doc. 136 ¶ 24.) Because there is no marital community between Defendant William Emmerson and his spouse, there is no need to maintain Ms. Emmerson as a defendant. The Court will therefore grant the Motion

to Dismiss her from this case, with prejudice.

2. Count IV of the Third Amended Complaint asserts a discrimination claim under the Fair Housing provisions of the Phoenix City Code. *See* Phx. City Code §§ 18-11.16, 18-11.20. The City moves to dismiss this claim, arguing that the Plaintiffs have failed to allege well-pleaded facts establishing a plausible claim for discrimination. The City also argues that this claim for relief simply reasserts the Plaintiffs' previously dismissed claim under the Fair Housing Code. (*See* Doc. 90 at 23-25.) Plaintiffs respond that they believe the Court's prior ruling was "in error," that the City is "completely ignorant" of the facts and the law, and they have added additional factual allegations supporting their discrimination claim. (Doc. 141 at 8-9.) The Court agrees with the City of Phoenix. Plaintiffs rehash many allegations from their previously dismissed claim. Most are conclusory and self-serving. And the Court will not reevaluate the strength of the allegations that it already found failed to plausibly state a claim. Count IV will be dismissed with prejudice.

3. Count VII asserts a Fair Housing Act claim against the City. *See* 42 U.S.C. § 3601, et seq. The City argues that this claim should be dismissed because Plaintiffs have failed to allege a plausible claim under the Fair Housing Act. It also argues that this claim simply reasserts Plaintiffs' previously dismissed equal protection argument. Like their response to the Motion to Dismiss Count IV, Plaintiffs maintain that they now assert a gender discrimination theory that "fundamentally affected the Court's analysis on these claims." (Doc. 141 at 9.)  A Fair Housing Act claim requires that a plaintiff show that the defendant "acted with any discriminatory intent during the events at issue, or whether" the defendant's "practices disproportionately impacted any particular [protected] group." *Green v. Cal. Court Apartments LLC*, 321 Fed. Appx. 589, 591 (9th Cir. 2009). As with the Fair Housing Code claim for relief, Plaintiffs fail to assert well-pleaded facts that give rise to a plausible claim that any Defendant acted with discriminatory intent or that they fell victim to disparate treatment. Indeed, as the City correctly identifies, most of these allegations, which are largely conclusory and self-serving, were already analyzed in the

Court's Order dismissing the Second Amended Complaint. (Doc. 90 at 18-19.) Count VII will be dismissed with prejudice.

This case has been on the books for nearly two years. Plaintiffs are on their Third Amended Complaint. The Court has now ruled on two separate motions to dismiss. With this Order, the number of docket filings is at 143. Plaintiffs should familiarize themselves with the maxim that involves "old wine in a new bottle." The Court expects that the parties will efficiently see the discovery phase to its conclusion.

Accordingly,

**IT IS ORDERED granting** the Motion to Dismiss (Doc. 140) as follows:

1. Defendant Jane Doe Emmerson is dismissed with prejudice.
2. Counts IV and VII of the Third Amended Complaint are dismissed with prejudice.

The Clerk of Court shall not close this case at this time.

Dated this 23rd day of March, 2021.

Michael T. Liburdi
United States District Judge