**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Bollfrass, et al., | No. CV-19-04014-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court are Defendants' Motion to Seal and Redact Portions of Their Motion for Summary Judgment and Exhibits (Doc. 160) and Defendants' Motion for Leave to Exceed Page Limit Regarding Motion for Summary Judgement (Doc. 162). The Court addresses each Motion in turn:

1. Defendants seek leave to file a 44-page summary judgment motion, more than double the 17-page limit provided in the Local Rules. LRCiv 7.2(e). That said, the Court is mindful of the complexity and number of legal issues involved in this matter. This lawsuit involves 14 remaining Defendants and five claims against multiple Defendants. (*See* Doc. 136; 140.) Additionally, as Defendants note, Plaintiffs' claims involve protected speech. (Doc. 162.) The factual discussion is lengthy because it must accurately document many events that occurred. (*Id.*) There are also forty-nine exhibits supporting the motion. (*Id.*) Finally, Defendants' Motion for Summary Judgment exceeds the page limit because, according to them, each claim requires a differing legal analysis and standard. (*Id.*) The Court finds that extra pages for Defendants' Motion for Summary

Judgment are appropriate. And so, the Court finds that good cause to support Defendants' Motion for Summary Judgement exceeding the normal 17-page limit exists. Accordingly,

**IT IS ORDERED granting** Defendants' Motion for Leave to Exceed Page Limit Regarding Motion for Summary Judgement (Doc. 162). Defendants are permitted to file a 44-page summary judgment motion. The proposed lodged Defendants' Motion for Summary Judgment (Doc. 163) is accepted as filed pending this Court's resolution of Defendants' Motion to Seal (Doc. 160). Plaintiffs are permitted to file a 44-page responsive memorandum. Defendants are permitted to file a 20-page reply.

2. Defendants have lodged their Motion for Summary Judgement (Doc. 163) and ask that it be filed partially under seal. (Doc. 160.) Defendants' request is premised on what has been designated as confidential under the Protective Order. (Doc. 111.) Defendants argue that Exhibit 3, pages 179–180; Exhibit 13, pages 37–39, 51–53, and 59–67; Exhibit 21, in its entirety; Exhibit 46, in its entirety; and Exhibit 47, in its entirety are confidential under the Protective Order and should be sealed. (Doc. 160.) Plaintiffs, in their responsive brief, do not seem to oppose the sealing of the Motion or of the exhibits; instead, they argue tangentially that Defendants have violated the Protective Order and that Defendants' Motion for Summary Judgment "should be stricken in its entirety" as a result. (Doc. 170.) Defendants counter that Plaintiffs' argument is an "attempt to raise substantive issues regarding whether ***more*** material should be sealed by invoking alleged violations of the Protective Order" which is unrelated to Defendants' Motion to Seal. (Doc. 171 (emphasis in original).)

The public has a right to inspect and copy public judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 567 (1978). Although that right is not absolute, there is a "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (quoting *Foltz v. State Farm Mut. Aut. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). As the party seeking to seal a judicial record, Defendants bear the burden of overcoming that presumption by either

showing "compelling reasons" if the record is a dispositive pleading or "good cause" if the record is a nondispositive pleading. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); *see also Ctr. for Auto Safety*, 809 F.3d at 1096–97. Motions to seal a summary judgement motion must meet the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179, 1181.

Concerning the issue at hand, the Court agrees with Defendants that Plaintiffs' arguments are unrelated to Defendants' Motion to Seal and Redact Portions of Their Motion for Summary Judgment and Exhibits (Doc. 160). The Court also agrees that the Exhibits in question and the Defendants' Motion for Summary Judgement should be sealed.

Specifically, the Court finds compelling reasons to seal Exhibit 3, pages 179–180; Exhibit 13, pages 37–39, 51–53, and 59–67; Exhibit 21, in its entirety; Exhibit 46, in its entirety; and Exhibit 47 because they qualify as confidential information under the Protective Order (Doc. 111). Exhibit 3, pages 179–180, is a discussion related to other residents. (Doc. 160.) Exhibit 13; pages 37–39, 51–53, and 59–67; involves an investigation of non-smoking violations of other residents. (*Id.*) Exhibit 21 documents actions taken regarding the non-smoking policy and actions taken with respect to other residents. (*Id.*) Exhibit 47 is an audio recording of a conversation between Ms. Hogan and Plaintiffs where financial information was discussed. (*Id.*) Exhibit 46 is a transcript of that meeting. (*Id.*) Accordingly,

**IT IS ORDERED granting** Defendants' Motion to Seal and Redact Portions of Their Motion for Summary Judgment and Exhibits (Doc. 160). The Clerk is ordered to file Defendants' Motion for Summary Judgment and Exhibits (Doc. 163) under seal and to file Defendants' Redacted Motion for Summary Judgement and Exhibits (Doc. 164).

Dated this 27th day of October, 2021.

Michael T. Liburdi
United States District Judge