**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Bollfrass, et al., | No. CV-19-04014-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

The parties have cross-motions for summary judgment pending before the Court. (Docs. 165, 163, 164.) Plaintiffs now move to supplement the record. (Doc. 185.) As explained below, the Court will deny Plaintiffs' motion.

**I.**

The Court has elsewhere recited the complex factual and procedural history underlying this case, and will not do so again here. (*See, e.g.*, Doc. 90.) In sum, Plaintiffs assert due process, free speech, and *Monell* claims against Defendants under § 1983 and Arizona state law. In recent weeks, Plaintiffs have repeatedly attempted to contact—by phone and email—the Phoenix Mayor and City Manager regarding this litigation and other, ongoing issues at Fillmore Gardens, the public housing complex in which Plaintiffs reside. Unsurprisingly, neither the Mayor nor the City Manager responded directly to Plaintiffs' requests for comment. Instead, Defendant Dina Fernandez, a Phoenix Housing Department supervisor, who had not been copied on any of Plaintiffs' emails, responded: "In accordance with prior email correspondence, you have been advised that all inquiries

and concerns related to your tenancy at Fillmore Gardens should be directed to your legal representative, who will correspond with the appropriate legal representatives of the City of Phoenix Housing Department. This is to include all inquiries and concerns. Additional responses directly from the Housing Department will not be provided." (Doc. 85 at 25.) Plaintiffs now seek to supplement the summary judgment record with this evidence.

## II.

Plaintiffs argue the above evidence "shows an ongoing and clear unconstitutional restraint on the Plaintiffs' First Amendment rights to petition the government for redress by the City of Phoenix and Defendant Donna Magaard." (*Id.* at 2.) Plaintiffs also argue the evidence "goes directly to Plaintiffs' *Monell* claims" because it shows "an ongoing policy by the City of Phoenix to restrict First Amendment Rights" and illustrates that the City Manager and Mayor "are complicit [in] and approve of the policies implemented by the City of Phoenix." (*Id.*) The Court is unpersuaded. As an initial matter, Plaintiffs' contention that the proffered evidence is relevant to its claims against Defendant Donna Magaard is puzzling given that Plaintiffs stipulated to Magaard's dismissal from this action more than a year ago. (*See* Docs. 127, 128.)

The evidence also fails to meet the standard for supplementation. "In deciding whether to grant a motion to supplement the record, district courts consider whether the evidence the party is seeking to admit is relevant and also consider whether the motion is made in good faith and whether allowing supplementation would unfairly prejudice the non-moving party." *Udd v. City of Phx.*, No. CV-18-01616-PHX-DWL, 2020 WL 1904638, at *2 (D. Ariz. Apr. 17, 2020). The decision whether to grant a motion to supplement is within the district court's discretion. *Id.* (citing *Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015).

Plaintiffs' additional evidence is irrelevant. Plaintiffs' remaining claims are primarily for First Amendment retaliation. To prevail on such claims, Plaintiffs must demonstrate, among other things, that (1) they engaged in protected conduct, (2)

Defendants took adverse action against them, and (3) there was a causal connection between Plaintiffs' conduct and the adverse action taken by Defendants. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). Plaintiffs' claims are based on allegations that Defendants took adverse action against them in response to protected activity Plaintiffs engaged in in 2017 and 2018. (*See* Doc. 136.) The evidence Plaintiffs now seek to introduce, of Defendants' actions in recent months, is simply irrelevant to those claims. *See* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Although Plaintiffs may believe Defendants *again* violated their First Amendment rights, their beliefs are based on facts and legal theories entirely distinct from those at issue in the instant action. To seek redress for these new, perceived wrongs, Plaintiffs must bring new claims against Defendants in a new action.

The Court also doubts Plaintiffs' contention that the new evidence demonstrates an "ongoing and clear unconstitutional restraint on the Plaintiffs' First Amendment rights to petition the government." As Defendants observe in their brief, the right to petition, which "allows citizens to express their ideas, hopes, and concerns to their government and their elected representatives," is "uni-directional; it does not require government officials or politicians to respond, or even listen, to citizens." *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020) (citations and quotation omitted). Although Plaintiffs argue they "have literally been prohibited from petitioning, unless they do so through an attorney that they cannot afford to hire," that seems not to be the case. The email sent by Defendant Fernandez to Plaintiffs merely states: "[Y]ou have been advised that all inquiries and concerns related to your tenancy at Fillmore Gardens should be directed to your legal representative . . . . Additional responses directly from the Housing Department will not be provided." In fact, then, Defendants have not prohibited Plaintiffs from petitioning, but have simply indicated that they will not respond directly to such petitions. And, as mentioned above, the government's mere refusal to respond to citizens' petitions does

not constitute a First Amendment violation. *See Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979) ("[T]he First Amendment does not impose any affirmative obligation on the government to listen [or] to respond.").

Allowing Plaintiffs to supplement the record would also prejudice Defendants. Discovery has been closed in this case for more than eight months, and the dispositive motions deadline has passed. Plaintiffs seek to introduce evidence on an entirely new claim, arising from events that occurred years after the events detailed in their complaint. To allow Plaintiffs to supplement the record with such evidence, without giving Defendants the opportunity to investigate and address Plaintiffs' new allegations, would clearly be prejudicial.

**III.**

Accordingly,

**IT IS ORDERED denying** Plaintiffs' Motion to Supplement the Record (Doc. 185).

Dated this 14th day of April, 2022.

Michael T. Liburdi
United States District Judge